# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| KATHERINE GOLSON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| GENERAL MOTORS LLC, | ) ) ) |
| Defendant. | ) |

Case No. 4:20-cv-00632-RK

## ORDER

Before the Court is Defendant General Motors LLC's motion to transfer venue to the Southern District of Florida. (Doc. 10.) The motion is fully briefed. (Docs. 10, 16, 17.) After careful consideration, the motion is **GRANTED.**

### Background[1]

General Motors LLC allegedly manufactured and knowingly sold Chevrolet Equinox and GMC Terrain vehicles, one of which Plaintiff bought second-hand, with 2.4-liter Ecotec engines that are defective because they consume oil unusually quickly. Prior to this action, there was a class action lawsuit against Defendant over the oil consumption of the 2.4-liter Ecotec engines. The class representatives and Defendant agreed to settle, and a court-appointed settlement administrator notified class members of the proposed settlement and its terms. *Berman v. Gen. Motors LLC*, 2019 WL 6163798 (S.D. Fla. Nov. 18, 2019). After hearing objections, the court approved the settlement and the administrator notified the class of the final settlement. *Id.*

However, Defendant later discovered the administrator failed to notify at least 41,000 of the than 1.6 million class members of the proposed and final settlements. Plaintiff allegedly was one of the class members who was not originally notified. Defendant notified the court, and these class members were then given thirty days to opt-out of the settlement. Plaintiff now argues this Court should find the settlement is not binding on class members not initially notified of the proposed and final settlement. She argues "the failure to provide procedurally adequate

---

[1] All facts are taken from Plaintiff's complaint unless the citation shows otherwise. (Doc. 1.)

notice . . . means that Plaintiff and the proposed class members are not bound by the settlement agreement or judgment of the *Berman* class action." (Doc. 1, p. 4.)

Defendant disagrees, but, as a preliminary matter, moves for this Court to exercise its discretionary power under 28 U.S.C. § 1404(a) to transfer the case to the Southern District of Florida, where *Berman* was litigated. (Doc. 10.)

## Legal Standard

A court may transfer any civil action to any other district where it might have been brought to promote the convenience of parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a). An action may be properly brought in any venue "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).[2] If the §1391(b) prerequisite is satisfied, the Court must then consider three general categories of factors in deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Under the interests of justice prong, courts consider: judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. *Id.* at 696; *Matthews v. BNSF Ry. Co.*, 2016 WL 7404716, at *1 (W.D. Mo. Dec. 21, 2016). Courts must also consider relevant unenumerated factors. *Id.* at 691. The purpose of the statute is to "prevent the waste of time, energy and money" and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *VanDusen v. Barrack*, 376 U.S. 612, 616 (1964) (*quoting Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The ultimate transfer should be based on a totality of the circumstances determination. *Terra Int'l, Inc.*, 119 F.3d at 691. Lastly, the burden of proving transfer is warranted typically falls on the party seeking transfer because considerable deference is generally afforded to a plaintiff's forum choice. *Id.* at 695.

## Discussion

Plaintiff's action could have been brought in the Southern District of Florida, and, as a result, the requirement under 28 U.S.C § 1404 that a venue can only be proper transfer destination

---

[2] Venue is also proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" and "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

if it satisfies the 28 U.S.C. § 1391(b) venue criterion is satisfied.  Plaintiff seeks a declaratory judgment that the *Berman* settlement does not bind her.  *Berman* was litigated and approved in the Southern District of Florida.  *Berman*, 2019 WL 6163798.  Plaintiff seeks the class action settlement approval, which was decided by the United States District Court for the Southern District of Florida, to be declared nonbinding.  Therefore, a substantial portion of the events giving rise to Plaintiff's claim occurred in the Southern District of Florida.  28 U.S.C. § 1391(b)(2).  Because venue is proper under § 1391(b), the analysis proceeds to whether the Court should exercise its discretionary power under 28 U.S.C. § 1404 to transfer this action to the Southern District of Florida.

Considering the convenience of the parties, the convenience of the witnesses, the interests of justice, and other relevant factors, the Court finds transfer to the Southern District of Florida is proper.  The first § 1404(a) factor, convenience of the parties, tends to favor declining transfer.  Plaintiff is a resident of Lenexa, Kansas, and the Court assumes, therefore, that it would be more convenient for Plaintiff to litigate her claim in this Court, which sits in Kansas City, Missouri, rather than litigate her claim in the Southern District of Florida.  The second factor, convenience for witnesses, likely also favors declining transfer.  Plaintiff's brief points out that two of her trial witnesses are located much closer to Kansas City than Southern Florida.  This argument carries some weight.  However, Defendant argues that the inconvenience for witness should be limited because (1) Plaintiff's requested relief is a finding that she is not bound by the *Berman* settlement, the questions before the court will be primarily legal and not factual, and witnesses will likely play a limited role in proceedings, and (2) the court policies of the Southern District of Florida liberally allow remote testimony.  The Court finds Defendant's arguments persuasive here.

The third factor, the interests of justice, weighs decisively in favor of transfer.  Plaintiff asks this Court to issue a declaratory judgment that Plaintiff and more than forty-one thousand similarly situated individuals are not bound by the *Berman* settlement.  *See Berman*, 2019 WL 6163798, at *14.  This Court is troubled at the prospect of sitting in review of another district court, especially in a case potentially effecting tens of thousands of people.  If the *Berman* settlement is non-binding, the interests of justice support any potential issues being addressed either by the Southern District of Florida itself or by the appellate courts which review it.  Further, transfer will promote judicial economy because the court in Florida should be well-acquainted with the facts and law relevant to this dispute, while this Court is new to the case.  While the Court acknowledges

Plaintiff's choice of forum is entitled deference, the interests weighing in favor of transfer are sufficiently strong to overcome the deference afforded Plaintiff's choice.

Finally, because the Court is granting Defendant's motion to transfer, it declines to rule on Defendant's motion to dismiss.

## Conclusion

After careful consideration, the Court concludes transferring this case to the Southern District of Florida is warranted.  Therefore, Defendant's motion to transfer venue to the Southern District of Florida is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  October 22, 2020