IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KATHERINE GOLSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED; | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:20-00632-CV-RK |
| v. | ) ) | |
| GENERAL MOTORS LLC, A DELAWARE LIMITED LIABILITY COMPANY; | ) ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On October 22, 2020, the Court issued an order granting Defendant's motion for transfer to the Southern District of Florida. (Doc. 25.) Plaintiff now moves for reconsideration of that Order. (Doc. 26.) After careful consideration, the motion is **DENIED**.

Plaintiff seeks a declaratory judgment from this Court stating, among other things, the notice sent in previous litigation did not meet the Florida Court's approved notice plan, and that Plaintiff is not bound by the settlement agreement or the judgment of the Florida Court. *See Berman et al. v. General Motors LLC*, No. 2-18-CV-14371 (S.D. Fla. Nov. 18, 2019).[1]

The sole issue at bar is whether venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2). Plaintiff cites *Steen v. Murray*, 770 F.3d 698, 703-04 (8th Cir. 2014), arguing the Southern District of Florida is not a proper venue. *Steen* involved defendants whose alleged legal malpractice in Nebraska caused harm in Iowa, and the court held that the location of the defendant's alleged wrongful activity, and not the location of the harm to the plaintiff, determined where venue is proper under § 1391(b)(2). *Id.* at 703-04 (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995) (In a Lanham Trademark Act case, the location of the offending advertising and sales controlled for venue purposes, not the location where the harm was felt.)).

---

[1] All references to Florida are to actions taken in the Southern District of Florida. All references to the Florida court refer to the Court which ruled in *Berman*.

The *Steen* plaintiffs had cited *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278 (8th Cir. 1994), where venue was held proper even though the defendants' alleged wrongdoing occurred elsewhere, to show other Eight Circuit precedent was inconsistent with the *Woodke* rule. *Steen*, 770 F.3d at 704. The court rejected that argument because, in the court's view, *Setco* is not inconsistent with *Woodke*, but arose out of facts properly distinguishable from those in *Woodke* and *Steen*. *Id.* In *Setco*, the defendants violated a Western District of Missouri Bankruptcy Court order by committing fraudulent acts in Oklahoma and Texas. 19 F.3d at 1279. The court held that venue was proper in the Western District of Missouri because violating a Western District of Missouri Court order rendered venue proper here even though the violations happened elsewhere. *Id*; *see Catipovic v. Turley*, No. C 11–3074–MWB, 2012 WL 2089552, at *15 (N.D. Iowa June 8, 2012) ("The Eighth Circuit Court of Appeals has explained that matters of importance to the plaintiff's suit, such as conduct of the parties *or a court order on which the claim is based*, are a "substantial part" of the events giving rise to the plaintiff's claims.") (emphasis added); *see also Advanced Logistics Consulting, Inc. v. C. Enyeart LLC*, No. 09–720 (RHK/JJG), 2009 WL 1684428, at *4 (D. Minn. June 16, 2009) (citing *Setco* in holding that venue could be proper even though Defendant's allegedly harmful actions took place elsewhere).

Here, Plaintiff cites *Steen* to support her argument that the Southern District of Florida is not a proper venue under § 1392(b)(2) because Defendant's allegedly harmful actions did not occur in the Southern District of Florida. But, *Setco* is more on point than *Steen*. Under *Setco*, if Defendant failed to comply with the Southern District of Florida's order to notify class members, venue is proper in the Southern District of Florida regardless of where Defendant's actions that led to its failure to comply with the order happened. And, a failure to comply with an order from the Southern District of Florida is a key part of what Plaintiff alleges. Venue is clearly proper in the Southern District of Florida under *Setco*. Plaintiff's complaint says:

> 4. Upon the Florida Court's preliminary approval and pursuant to due process, the parties of the *Berman* class action were required and ordered to send to the absent *Berman* class members (which included Plaintiff and the proposed class members) notice of the proposed settlement with such notice being provided to each individual class member.
>
> 5. To effectuate the sending of the notices, Defendant General Motors agreed to provide a list of the VINs for each *Berman* class vehicle to a third-party company and the third-party company was then to use the list of VINs to develop a class

2

> mailing list using vehicle registration data and U.S Postal Change of Address information.
> . . . .
> 13. Plaintiff contends that the failure to provide procedurally adequate notice that comported with the Florida court's preliminary order of approval, due process, and the Federal Rules of Civil Procedure, to Plaintiff and the proposed class members as the absent class members of the *Berman* class action means that Plaintiff and the proposed class members are not bound by the settlement agreement or judgment of the *Berman* class action, and that Plaintiff and the proposed class members are free to litigate their claims in subsequent litigation.

Further, venue is proper in the Southern District of Florida even under the *Steen* analysis. Plaintiff alleges that the Florida Court's approval of the settlement was based on representations, at least in part, made by Defense Counsel. Such representations were made by Defendant in the Southern District of Florida. Plaintiff cannot navigate around the fact that *Berman* was litigated in the Southern District of Florida by suing only General Motors and claiming the only act of wrongdoing giving rise to the present action was their failure to provide notice. Plaintiff argues Defendant's errors in providing notice did not happen in Florida and therefore venue is improper there. But, Plaintiff's argument betrays her Complaint. Though the Plaintiff can argue that any defective notice was not sent from Florida, the authorization and parameters of such notice were defined by actions taken in the Southern District of Florida. Finally, at the heart of Plaintiff's Complaint is a request that she not be bound by the settlement approved by the Florida Court. That settlement was presented to the court for approval in the Southern District of Florida by the *Berman* parties, including, of course, General Motors.

A substantial amount of the events or omissions giving rise to Plaintiff's claim occurred in the Southern District of Florida. Therefore, the Southern District of Florida is a proper venue under 28 U.S.C. § 1391(b)(2). Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

    s/ Roseann A. Ketchmark
    ROSEANN A. KETCHMARK, JUDGE
    UNITED STATES DISTRICT COURT

DATED: October 28, 2020